**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Benedetto,<br><br>    Plaintiff,<br><br>v.<br><br>Lumber Liquidators Incorporated, et al.,<br><br>    Defendants. | No. CV-15-02516-PHX-DGC<br><br>**ORDER** |

  Plaintiff has filed a motion to lift stay and a motion to remand to state court. Docs. 8, 9. Defendants oppose lifting the stay generally, but do not oppose the Court's consideration of Plaintiff's motion to remand. No party has requested oral argument. The Court will lift the stay for purposes of considering Plaintiff's motion to remand, and remand this case to Maricopa County Superior Court.

**I. Background.**

  Plaintiff Stephen Benedetto filed a complaint against Defendants Lumber Liquidators Inc. ("LLI") and several unnamed defendants in Maricopa County Superior Court on October 26, 2015. Doc. 8. Plaintiff alleged breach of contract, consumer fraud, and products liability claims against Defendants (Doc. 1-1) in connection with Plaintiff's purchase of $3,148.17 of laminate flooring. Doc. 8. Plaintiff sought six categories of recovery, including: (1) consequential damages; (2) damages for pain, suffering, mental anguish, lost wages, and lost future income; (3) punitive damages (4) attorneys' fees;

(5) prejudgment interest; and (6) costs and expenses. Doc. 1-1. Plaintiff sought these "in an amount to be proven at trial." Doc. 8-1.

When Plaintiff filed his complaint, he also filed an Arizona Certificate of Compulsory Arbitration. Doc. 8. This document certified that the matter was worth less than $50,000 and thus was subject to compulsory arbitration under A.R.S. § 12-133.

On November 10, 2015, Plaintiff sent an offer of judgment to LLI under Rule 68 of the Arizona Rules of Civil Procedure, requesting $9,999.00. Doc. 15. Plaintiff also sent a cover letter ("Cover Letter") that itemized $6,217.17 in special damages and costs, and stated that "[Plaintiff] fully expect[s] [punitive damages] to reach six figures if this case were to proceed to trial." Doc. 8.

Three days later, LLI filed a notice of removal, claiming diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. On December 15, 2015, LLI filed an unopposed motion to stay. Doc. 6. The magistrate judge assigned to the case granted the stay. Doc. 7.

## II. Legal Standard.

For a federal court to exercise removal jurisdiction under 28 U.S.C. § 1446, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

When a state court complaint does not clearly plead the requisite amount in controversy and the plaintiff contests the amount, the removing defendant "must provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (quotation marks omitted). A defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, a defendant meets the burden of proof when it "relie[s] on a reasonable chain of logic and present[s] sufficient evidence" that the amount in controversy exceeds $75,000. *LaCross v. Knight Transp. Inc.*, 775

F.3d 1200, 1200 (9th Cir. 2015).  To establish the amount in controversy, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (quotation marks omitted).

**III.   Analysis.**

LLI argues that the amount in controversy is satisfied by the combination of punitive damages, consequential damages, ongoing physical injuries, and attorneys' fees. Doc. 10.  The Court does not agree.

**A.   Punitive Damages.**

"It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).

Settlement letters are "relevant evidence of the amount in controversy if [they] appear[] to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  In *Cohn*, the Ninth Circuit held that the plaintiff's settlement offer of $100,000 provided "undisputed evidence" that the amount in controversy was satisfied.  *Id.*  The Ninth Circuit also noted that "[plaintiff] could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence."  *Id.*

LLI relies on Plaintiff's statement in the Cover Letter that he expects punitive damages to exceed six figures if the case goes to trial.  This statement, however, was not supported by any evidence.  Furthermore, unlike the plaintiff in *Cohn* who refused to disavow the amount requested in his settlement offer, Plaintiff later called his punitive damages estimate "puffery."  Doc. 15.

More importantly, Plaintiff made the "six figures" statement in the context of a settlement offer, where he had an incentive to exaggerate the value of his claim.  The Court views Plaintiff's actual offer of settlement – $9,999 – to be a far more credible

estimate of the amount in dispute. It was based on consequential damages plus attorneys' fees. Doc. 1-2.

### B. Certificate of Compulsory Arbitration.

Plaintiff's certificate of compulsory arbitration certified that Plaintiff's claim was worth less than $50,000. This is relevant evidence when determining the amount in controversy. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1009-10 (D. Ariz. 2012) (holding that "the certification that the amount in controversy exceeds $50,000 can be included in calculating the total amount in controversy"). Doc. 8.

### C. Attorneys' Fees.

Attorneys' fees are part of the amount in controversy "if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In Arizona, courts may award "reasonable attorney fees" in breach of contract actions. A.R.S. § 12-341.01(A)-(B). LLI argues that "[Plaintiff's] attorneys' fees have necessarily increased since [November 10, 2015]" (Doc. 10), when Plaintiff sent a request to LLI for $4,972.50. Doc. 1-2. But LLI can only speculate as to the ultimate amount of recoverable attorneys' fees in this case, and such speculation cannot establish the jurisdiction of this Court. *See Ibarra*, 775 F.3d at 1197.

### D. Consequential Damages.

LLI argues that "[Plaintiff's] Complaint alleges or implies . . . $11,046.34 in consequential damages." Doc. 10. The Court accepts this amount as calculated by LLI.

### E. Ongoing Physical Injuries.

LLI contends that "[d]amages for lasting and ongoing physical injuries could alone exceed the jurisdictional limit." Doc. 10. To support this claim, LLI merely recites Plaintiff's symptoms as they appear in the Complaint. *Id.* But mere speculation about Plaintiff's physical injuries does not support a finding that the jurisdictional requirement has been satisfied. *See Ibarra*, 775 F.3d at 1197.

## IV. Conclusion.

LLI has failed to meet its burden of proving that the amount in controversy exceeds $75,000. Plaintiff's consequential damages and attorneys' fees amount to

approximately $16,000, and his offer of judgment was less than $10,000. Because LLI "cannot establish removal jurisdiction by mere speculation and conjecture," *id*., and has not overcome the strong presumption against removal, *Gaus*, 980 F.2d at 566, the Court will grant the motion to remand.

**IT IS ORDERED:**

1. Plaintiff's motion to lift the stay in this case (Doc. 9) is **granted**.
2. Plaintiff's motion to remand (Doc. 8) is **granted**.
3. Defendants' motion to file a sur-reply is (Doc. 17) **granted**. The Court has considered the lodged sur-reply (Doc. 19).
4. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 10th day of February, 2016.

_____
David G. Campbell
United States District Judge